Dear Mayor Smith:
Your request for an Attorney General's opinion has been forwarded to me for research and reply.
Specifically, you ask:
 If a municipality settles or compromises a claim which is the subject of a lawsuit, does the municipality have to comply with the publication requirement set forth in La. R.S. 13:5109(C)?
The answer to your question is found by comparing and contrasting La. R.S. 13:5109(A) and 13:5109(C), both of which deal with settling and compromising claims.
Section 5109(A) states:
 A. In any suit filed against the state of Louisiana, a state officer, a state agency, a local public official or a political subdivision, the defendant, or the proper representative thereof, upon the advice and with the concurrence of the attorney general, district attorney, parish attorney, city attorney, or other proper official, as the case may be, may compromise and settle the claims presented in any such suit. (Emphasis added).
As is apparent from reading this subsection, 5109(A) deals with compromising or settling claims when a lawsuit has been filed against the state, a state agency, or any other political subdivision which includes a city. This subsection requires the concurrence of the city attorney for a city to settle a suit. Because a suit was filed, it is a public record which makes it available for public scrutiny and no publication of the compromise or settlement is required. *Page 2 
In contrast, Section 5109(C) is as follows:
 C. The governing authority of a parish or municipality, upon the advice and the concurrence of the district attorney, parish attorney, or city attorney of that parish or municipality or proper official as the case may be, may compromise or settle any claim against that parish or municipality without the necessity for the filing of a suit against the parish or municipality in the matter. Any such compromise settlement shall be exigible, payable, and paid only out of funds appropriated for that purpose by the governing authority of that parish or municipality. No claim in excess of ten thousand dollars may be compromised or settled as provided herein before ten days have lapsed after the publication of such proposed compromise or settlement in the official journal of the appropriate political subdivision.
(Emphasis added).
This subsection contemplates a situation where a suit has not been filed, and the city council and city attorney have determined that a viable claim is pending against the city. It requires review of the compromise or settlement by the city council and advice and concurrence of the city attorney. Since a suit has not been filed making the claim available to the public for review, this subsection adds the publication requirements for claims in excess of $10,000.
It is the opinion of this office that a compromise or settlement of a claim when a lawsuit has been filed allows for public scrutiny and review of the claim and does not require publication of the proposed compromise or settlement that is required when a suit has not been filed. Therefore, a compromise or settlement in accordance with La. R.S. 13:5109(A) does not require the publication of the compromise or settlement of a claim in accordance with La. R.S. 13:5109(C).
I trust this answers your question. However, if you should need anything further, do not hesitate to contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR,
 ATTORNEY GENERAL
 BY: ________________________________
 FRANCES J. PITMAN
 ASSISTANT ATTORNEY GENERAL